REISSUED FOR PUBLICATION
JULY 16, 2019
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-95V
### (Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *

GLORIA MASSEY CHINEA,

      Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

      Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Special Master Corcoran

Dated: June 11, 2019

Attorney's Fees and Costs;
Interim Fees; Expert Costs.

*Gloria Massey Chinea*, *pro se*, Oxnard, CA.

*Christine Mary Becer*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On January 30, 2015, Gloria Chinea filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that she suffered from Guillain-Barré syndrome ("GBS") as a result of receiving the influenza ("flu") vaccine on October 31, 2012. An entitlement hearing was held on August 6-7, 2018, in Woodland Hills, California. On March 15, 2019, I issued a decision denying entitlement to compensation (ECF No.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.* The clerk of the Court is also hereby directed to mail a copy of this Decision to Petitioner's former counsel, Ms. Lisa Roquemore.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

89). Petitioner has appealed my determination, and a decision on appeal remains pending.

Petitioner's prior counsel, Ms. Lisa Roquemore (who withdrew from the case during the appeal) has now filed a motion requesting attorney's fees and costs on April 22, 2019. *See generally* Motion for Interim Attorney's Fees ("Fees App.") (ECF No. 92); *see also* Amended Motion for Interim Attorney's Fees, dated May 2, 2019 ("Supp. Fees App.") (ECF No. 98); Reply to Interim Fees Response ("Reply") (ECF No. 107). Counsel requests reimbursement of attorney's fees in the total amount of $250,898.74 (representing $213,434.50 in attorney's fees, plus $37,464.24 in costs[3]). Fees App. at 2; *see also* Ex. 9 to Fees App.; Ex. A to Reply at 3. Petitioner also requests reimbursement for costs personally incurred in the matter (totaling $2,983.36). Ex. 5 to Supp. Fees App. at 3.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's motion, awarding interim attorney's fees and costs (including expert witness costs) in the total amount of **$245,341.44**, along with petitioner's requested personal costs in the amount of **$2,983.36.**

## PROCEDURAL HISTORY

This action has been pending for four years. As the billing invoices submitted in support of the fee application reveal, Petitioner first approached the Law Office of Lisa A. Roquemore about her case on June 11, 2013, over a year before it was filed. *See* Ex. 2 to Fees App. at 2. The case thereafter proceeded with Petitioner submitting medical records, and Respondent filed the Rule 4(c) Report on December 1, 2015 (ECF No. 40).

Next, the parties began filing expert reports. Petitioner filed an initial expert report from Dr. Lawrence Steinman on August 21, 2015 (ECF No. 31). Respondent filed her initial expert report from Dr. Peter Donofrio on December 1, 2015 (ECF No. 42). During this time period, counsel performed some work (totaling over 25.0 hours) relating to a discovery question involving efforts to change a medical record contemporaneous with Mrs. Chinea's initial symptoms. *See generally* Ex. 2 to Fees. App. at 47-110. Supplemental reports from both experts were filed on February 16, 2017 (ECF No. 64), and April 24, 2017 (ECF No. 65), respectively. The matter was subsequently set for hearing to be held on August 6, 2018, and the hearing proceeded before me as scheduled, with the release of my decision on March 15, 2019 (ECF No. 89).

As noted above, prior counsel withdrew from the case on May 2, 2019 (EFC No. 99), while the current appeal was pending.[4] In the pending fees request, prior counsel seeks an interim award of $250,898.74 (representing $213,434.50 in attorney's fees, plus $37,464.24 in costs), for work performed from June 2013 to April 2019. *See* Fees App. at 2. Petitioner's fee application includes

---

[3] Expert fees total $32,662.86 of that figure. Fees App. at 2 n.2.

[4] Petitioner is prosecuting her appeal to the U.S. Court of Federal Claims as a *pro se* litigant.

billing records that indicate that the work in this case was performed by Ms. Roquemore (along with a firm paralegal). *See* Ex. 2 to Fees App. Ms. Roquemore billed at the following hourly rates: $355 for 2013; $365 for 2014-2015; $400 for 2016-2017; $409 for 2018; and $421 for 2019. *Id.* Paralegal rates ranged from $125-$139. *Id.* Petitioner also seeks to recover expert witness fees (for the services of Dr. Steinman who billed at a rate of $500 per hour), and $2,983.36 for personal costs incurred. Fees App. at 2; Ex. 5 to Supp. Fees App. at 3.

Respondent reacted to the motion on May 6, 2019, objecting to the payment of interim fees and costs prior to the case's resolution. *See* Response, dated May 6, 2019 ("Response") (ECF No. 102). Respondent argued that the withdrawal of petitioner's counsel is not a sufficient basis for an award of interim attorney's fees and costs. *Id.* at 1 (citing *Avera v. Sec'y of Health & Human Servs*, 515 F.3d 1343 (Fed. Cir. 2008)). As Respondent explained, *Avera* lists three possible interim fee criteria: protracted proceedings, retention of expensive experts, or undue hardship. *Id.* at 2. Respondent asserted Petitioner has not adequately shown that the *Avera* criteria apply to this case nor has she made any other special showing to justify an interim award of fees and costs at this time. *Id.*

Petitioner filed a response to Respondent's objections on May 31, 2019. *See* Reply, dated May 31, 2019 (ECF No. 107) ("Reply").[5] In it, prior counsel posited that interim fees are appropriate in this case because all three *Avera* criteria do in fact apply to the facts herein. Reply at 3. Thus, the proceedings were protracted in nature (given prior counsel's extensive work on the matter both prior to and after filing the claim), and resulted in extensive expert costs. *Id.* Thus, deferring resolution of the interim request would pose an undue hardship on both counsel and her retained expert (given the pending appeal and counsel's subsequent withdrawal). *Id.*

# ANALYSIS

## I.   Legal Standard Applicable to Interim Fees and Costs Requests

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at

---

[5] Although the Reply was filed after counsel's withdrawal request had been granted, I permitted the Reply's filing (ECF No. 106). The Reply also requested additional fees and costs in the amount of $4,752.45 (representing $4,711.60 in attorney's fees and $40.85 in costs) incurred in reacting to Respondent's opposition. Ex. A to Reply at 3.

34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013).

I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See,e.g.*, *Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). The facts relevant to this matter meet these criteria: the case has been pending for approximately four years and the total amount of attorney and expert fees and costs requested exceeds the minimum thresholds that I find to be appropriate. In addition, the case is also currently pending appeal (with Petitioner continuing as a *pro se* litigant). Counsel's withdrawal concludes her involvement in the matter, and I find such circumstances present an appropriate occasion for a fees award even if the matter itself continues for some time (although Petitioner will not individually be entitled to fees for her own work on the appeal). I thus find an award of interim fees to be appropriate in this matter.

## II.  Amounts Requested for Petitioner's Attorney

I must now determine the magnitude of Petitioner's interim attorney's fee award. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[6] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of*

---

[6] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 205-06 (2009). This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983).

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum

*Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

As noted above, Petitioner requests a total of $213,434.50 for attorney work on the present matter. I have previously found that Ms. Roquemore, who practices in Southern California, is entitled to the forum rates set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). *See, e.g., Davis v. Sec'y of Health & Human Servs.*, No. 14-978V, 2017 WL 656304, at *2 (Fed. Cl. Spec. Mstr. Jan. 23, 2017); *Taylor v. Sec'y of Health & Human Servs.*, No. 14-861V, 2016 WL 5390169 (Fed. Cl. Spec. Mstr. Sept. 2, 2016); *Raicevic v. Sec'y of Health & Human Servs.*, No. 14-554V, 2016 WL 5362695 (Fed. Cl. Spec. Mstr. Aug. 31, 2016). The rates requested herein are consistent with what Ms. Roquemore and her paralegal have been awarded in past Program decisions (as well as the OSM forum rate fee schedules[7]). *See, e.g., A.P. v. Sec'y of Health & Human Servs.*, No. 14-894V, 2018 WL 3991358 (Fed. Cl. Spec. Mstr. July 17, 2018) (finding Ms. Roquemore's requested rate of $409 for work performed in 2018 to be reasonable); *D.S. v. Sec'y of Health & Human Servs.*, No. 10-077V, 2017 WL 6397826 (Fed. Cl. Spec. Mstr. Nov. 20, 2017) (awarding Ms. Roquemore $400 per hour for work performed in 2016 and 2017).

This is the first opportunity I have had to consider the rate for Ms. Roquemore's work completed in 2019, however. Ms. Roquemore requests a rate of $421 per hour for her 2019 work. Upon consideration, I find the requested rate for 2019 is reasonable (and consistent with my determination of what she has received in years prior), and I shall compensate her at that rate. The requested rate is also consistent with the range of rates prescribed by *McCulloch* for attorneys with over twenty-nine years of experience (such as Ms. Roquemore), and her awarded rate of $409 for 2018. *See McCulloch*, 2015 WL 564323, at *17. The rate is also not inconsistent with the Producer Price Index for the Office of Lawyers (which measures for inflation).[8] Given Ms. Roquemore's extensive practice experience in the Vaccine Program, her overall reputation in the legal community, and the adequacy of her work herein, I find the increased rate to be reasonable, and I will award the 2019 rate as requested.

---

in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

[7] *See* Office of Special Masters Hourly Rate Fee Schedule: 2015-2018, http://www.uscfc.uscourts.gov/node/ 2914 (last accessed on June 5, 2019).

[8] Her 2019 rate is also consistent with the Office of Special Masters' forum rate fee schedule. *See* Office of Special Masters Hourly Rate Fee Schedule: 2019, http://www.uscfc.uscourts.gov/node/2914 (last accessed on June 10, 2019).

Besides rates, I must also consider whether all of the work performed on the matter was reasonable. Although I find that the hours expended on this matter by counsel appear to be *mostly* reasonable for a case that has lasted over four years and resulted in an entitlement hearing, I will make two adjustments based on my review of the billing log.[9]

First, counsel expended an excessive amount of time (10.3 hours at a rate of $421 per hour) for work on the Reply. *See* Ex. A to Reply at 3; *see, e.g., Saxton v. Sec'y Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) ("the special master is within his discretion in reducing hours that are . . . not reasonably expended") (internal quotation marks omitted); *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016) (finding special masters may reduce fees paid to petitioners due to "excessive billing"). Indeed, I was able to review and delineate the issues raised in Respondent's response in under an hour. I will only compensate counsel for 3.0 hours of work on the Reply, which I deem a more appropriate amount of time to devote to such a pleading. This results in a total reduction of 7.3 hours (amounting to $3,073.30).

In addition to the above, "unreasonably duplicative" billing entries warrant a reduction of fees in the Program. *See, e.g., Raymo*, 129 Fed. Cl. at 703. While attorneys may be compensated for appropriate work, multiple attorneys (or paralegals) billing for similar tasks is not reimbursable. Based on my review of the record, I note instances where counsel and her paralegal billed for work that was duplicative – and thus, unnecessarily incurred. Specifically, counsel and her paralegal billed (in total) over forty hours for work related to filing Petitioner's post-hearing brief. Ex. 2 to Fees App. at 129 (indicating counsel "continue[d] review" of trial transcript while paralegal "continue[d] summary" of transcript), 130 (indicating counsel "commence[d] drafting" of brief while "citing to transcript"). I will therefore reduce the fee award by 18.0 hours (billed at the paralegal 2018 rate of $138 per hour). This results in a reduction of $2,484.00.

The case has otherwise proceeded in a timely fashion (given the case's protracted nature), and prior counsel appropriately used her time (for the most part) to collect the necessary medical records, medical literature, and factual evidence relevant to this case. I do not find any other billing entries to be particularly objectionable, nor has Respondent identified any as such. Therefore, the requested attorney's fees will be reduced in the total amount of **$5,557.30.**

---

[9] This matter was only assigned to me in January 2018 - three years after the petition's filing, and after the entitlement hearing had been scheduled by the prior special master overseeing the petition. By that time, Petitioner and her counsel had devoted substantial effort to matters that now seem extraneous, such as the discovery aimed at determining whether one of Mrs. Chinea's treaters had failed in a medical record to record properly Petitioner's symptoms. More so, based on my hearing the case, it appears that too much attorney time was spent on a case that ultimately turned solely on onset, a fact issue heavily influenced in this case by the well-understood acute nature of GBS (which should begin within eight weeks of vaccination if vaccine-caused - not eleven or twelve as here).

Had this case been assigned to me from the outset, I would be far more reluctant to allow the fees requested without substantial reductions. Because of my late appearance in it, I am unwilling to substitute my views for that of the special master who previously oversaw the case earlier in its life.

## III.    Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g., Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

The requested attorney's costs can be sorted into three different categories – typical litigation costs (including medical records requests, copying, and postage costs), expert costs, and costs associated with travel to and from the August 2018 entitlement hearing in Woodland Hills, California. Costs incurred personally by Petitioner include the filing fee, a $2,500.00 retainer for expert services, and her own hearing-related expenses. Ex. 5 to Supp. Fees. App. at 3. Based on my review of the billing record, the costs expended by Petitioner on litigation-associated expenses appear to be reasonable, and I will award them in full. The costs requested for hearing-related expenses (as well as those personally incurred by Petitioner) are also appropriate and will be awarded in full. Counsel will thus be reimbursed for costs totaling $4,801.38 and Petitioner shall receive $2,983.36 for costs personally incurred.

Next are expert costs. Petitioner requests a total of $32,662.86 for the work of Dr. Steinman (representing $32,250.00 in expert fees and $412.86 in hearing-related costs). Ex. 9 to Fees App. at 2-3. Dr. Steinman billed at a rate of $500 per hour for work performed in this case. This rate is consistent with what he has been awarded in past Program cases. *See, e.g., Taylor v. Sec'y of Health & Human Servs.*, No. 13-700V, 2018 WL 6291355 (Fed. Cl. Spec. Mstr. Oct. 30, 2018); *Brown v. Sec'y of Health & Human Servs.*, No. 09-462V, 2012 WL 952268 (Fed Cl. Spec. Mstr. Feb. 29, 2012). I find Dr. Steinman's work on the matter (totaling 68.5 billed hours) to be reasonable in light of the case's overall progression. Dr. Steinman is a qualified expert, and his work in this case was mostly helpful to resolution of Petitioner's claim (even though Petitioner did not succeed in proving entitlement). I find that the amount of time billed to be reasonable as well.

Accordingly, the total costs to be awarded to Petitioner's counsel is $37,464.24. Petitioner shall receive personal costs in the amount of $2,983.36.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety

of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's fees motion. I award a total of **$245,341.44** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's prior counsel, Ms. Lisa Roquemore. In addition, a separate check payable to Petitioner in the amount of **$2,983.36.** shall also be issued.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[10]

**IT IS SO ORDERED.**

Brian H. Corcoran
Special Master

---

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.